His Honor, EMILE GrODCHAUN,
rendered tlie opinion .and decree of the Court, as follows:
Plaintiff company made sundry shipments over the line of defendant railroad, being charged and paying a freight rate of 15 cents a hundred pounds, that being the rate then in effect as fixed and authorized by the Railroad Commission of Louisiana. Subsequent to these shipments, namely in May, 1914, that body declared the rate excessive and reduced it to ten cents a hundred pounds, and thereupon plaintiff filed its complaint before the Commission and demanded that defendant be condemned to refund to it with respect to said shipments the difference of five cents between the old and the new rates, claiming that this difference represented an unreasonable and consequently an illegal charge.
The Commission condemned the defendant to make the refund demanded, but upon that matter, finally reaching the Courts, the entire proceeding was annulled on the ground that the jurisdiction of the Commission did not extend to cases where the established rate, even though alleged to be illegal, was in fact observed, but on the contrary was confined to matters involving a violation of its rates.
Texas & Pacific Railway Co. vs. Commission, 137 La., 1059.
The old rate of fifteen cents was unsuspended and remained in full effect for five months or more prior to its repeal in May, 1914, and its legality is now for the first time judicially questioned in this suit, filed in November, 1915, wherein plaintiff is seeking through the medium of the Courts to recover of defendant the refund of five *415 cents which, it failed to procure through the process of the Commission.
The trial Court dismissed the suit upon maintaining a plea of no cause of action and the plaintiff has appealed.
As heretofore stated, the Commission cannot entertain this complaint, and in the opinion of this 'Court it is doubtful if under any circumstances a cause of action can. be founded, as in this instance, upon the alleged illegality of a rate which has been, duly established by the Commission and which has in fact been observed during the period of its operation.
For since a rate once established and not suspended continues in effect and must, under severe penalty, be complied with until set aside by the Commission or by the Courts, it would seem that no complaint could possibly be predicated upon a carrier’s observance of these rigid constitutional requirements.
Constitution, Arts. 284, 285, 286.
However, be that as it may, if such right of action exists, it would be cognizable in the ’Courts alone and not before the Commission, (137 La., 1059, supnai); and since plaintiff failed to institute his complaint before the Courts within three months after the rate attacked became effective, relief can no longer be afforded, for Act 171 of 1908 deprives the Courts, after the expiration of that delay, of all authority to review or to entertain any complaint with reference to a, rate established by the Commission. The statute does not enact technically a prescriptive period, but rather a restriction upon the powers of the Court which the latter must of itself recognize and enforce.
*416 Opinion and decree, May 29th, 1916.
Rehearing refused, June 12th, 1916.
Writ applied for but not as yet passed upon, July 5th, 1916.
The judgment is accordingly affirmed,
Judgment affirmed.